IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

PAUL PICCARI  and
FRANK KIELB   and                    :
FKE, INC.,
        Plaintiffs,                    CIVIL NO. _____

   vs.                               JURY TRIAL DEMANDED
                         :
GTLO PRODUCTIONS, LLC. and
GTLO, LLC   and
PAUL HAMMOND and
PAUL FARIELLO,                        :
           Defendants.

---

**COMPLAINT**

**A. JURISDICTION AND VENUE**

    1. Jurisdiction is based upon a federal question, to wit, 28 U.S.C. Sec. 1338 et seq.

    2. Venue is proper under the Fed.R.Civ. Pro. as the transactions and occurrences giving rise to this action were conducted within this District.

**B. THE PARTIES**

    3a. Plaintiff PAUL PICCARI ("PICCARI") is an adult individual, doing business in Philadelphia, Pennsylvania.

    3b. Plaintiff FRANK KIELB ("KIELB") is an adult individual, doing business in Philadelphia, Pennsylvania.

    3c. Plaintiff FKE, INC. ("FKE") is a domestic corporation, doing business in Philadelphia, Pennsylvania.

    4. Defendant GTLO PRODUCTIONS, LLC ("GTLO PRODS") is a domestic limited liability company, doing business in Philadelphia, Pennsylvania.

5.   Defendant GTLO, LLC ("GTLO LLC") is a domestic limited liability company, doing business in Philadelphia, PA.

6.   Defendant PAUL HAMMOND ("HAMMOND") is a private adult individual, doing business in Philadelphia, PA. HAMMOND is a principal in co-defendants GTLO PRODS and GTLO LLC, his alter ego.

7.   Defendant PAUL FARIELLO a/k/a PAUL SINCLAIR ("FARIELLO") is a private adult individual, doing business in Philadelphia, PA. FARIELLO is also a principal in co-defendants GTLO PRODS and GTLO LLC, his alter ego.

8.   At all times material hereto, all of the defendants acted on their own behalves, and/or through the actions and/or omissions of their officers, agents, servants, employees, representatives and the like, acting within their course of employment and scope of duties.

## C. THE FACTS and THE CLAIMS

9A. During or about 2002, plaintiff PICCARI conceived the creation of a new musical band, to perform the songs of the famous rock n roll group, "Led Zepellin"; based upon PICCARI's conception, PICCARI formed the musical band named, "GET THE LED OUT" ("LED"), along with co-plaintiff FKE and defendants HAMMOND and FARIELLO.

9B.   In or about 2003, the musical group LED commenced live performances- such as The Hard Rock Café in Philadelphia PA, Margarita's in West Chester PA, among other venues.

9C.  Between the conception of LED in 2002, and the launch of LED's live performance career in 2003, the parties entered into an oral agreement, the salient terms of which provided as follows:
i)PICCARI receives a Twenty-Two and One-Half Percent (22.5%)

2

proprietary interest in LED and the gross revenues related
thereto;

ii) FKE receives a Ten Percent (10%) proprietary interest in LED
and the gross revenues related thereto.

10.   From 2002 through the present, and continuing
indefinitely into the future, plaintiffs PICCARI and FKE have
played in indelible role in the continued success of the musical
group LED; further, plaintiffs PICCARI and FRANK KIELB are joint
co-owner in the trade name, trade dress, and trademark, "Get The
Led Out".   See Exhibit A, attached and incorporated by reference.

11.   Plaintiff PICCARI's role has been in the capacity of
musician, arranger, performer, and valuable provider of creative
and business advice on behalf of defendants.

12.   It was agreed as between PICCARI and defendants that in
consideration for PICCARI's services, PICCARI would receive his
fair share of Twenty-Two and One-Half Percent (22.5%) gross
profits earned by LED.

13.   Defendants forced PICCARI out of the band LED, and
unilaterally discontinued payment of PICCARI's rightful
entitlement to his share of revenues, constituting a material
breach of oral contract.

14.   Defendants' cessation of payment of any and all
consideration to PICCARI, in violation of the parties' oral
agreement, constitutes a material breach of oral contract.

15.   Despite repeated demand, defendants refuse to pay, and
continue to refuse to pay, PICCARI's fair share of profits earned

by LED, in material breach of oral contract.

16.   As a direct and proximate result of defendants' breach, PICCARI has suffered compensatory damages, consequential damages, and incidental damages.

17.   Defendants are liable to plaintiff for his damages sustained as a result of their material breach of oral agreement.

WHEREFORE, on Count One, plaintiff PICCARI demands judgment in his favor, and against all defendants, jointly and severally, for a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs, and such other relief as this Court may deem proper.

## COUNT TWO: BREACH OF ORAL CONTRACT

### (FRANK KIELB and FKE, INC. ONLY AGAINST ALL DEFENDANTS)

18.   Paragraphs 1 through 17 are incorporated by reference as though fully set forth herein and made a part hereof.

19.   In 2002 Plaintiffs KIELB and FKE entered into an oral agreement with defendants, the salient terms of which provided for KIELB and FKE to run the business of LED, in consideration of KIELB and FKE's Ten Percent (10%) interest in the gross profits pertaining to the musical band, "Get The Led Out" ("LED").

20.   From 2002 through 2011, propelled by plaintiff KIELB's and FKE's savvy business leadership, the musical group LED achieved tremendous commercial success, ascending to become one of the greatest tribute bands in the history of the modern rock era.

21.   KIELB is a joint owner in the trade name, trade dress, and trademark, "Get The Led Out".  See Exhibit B, attached and

4

incorporated by reference.

22. From 2003 through 2011, as agreed, KIELB and FKE would perform services on behalf of LED as its personal manager, business manager, business advisor, and consultant; accordingly, KIELB and FKE handled obtaining insurance for the band, assisted the band in obtaining venues, assisted the band with their image, and did whatever it took to enhance the success of LED; during said period of time, KIELB and FKE performed such services in an exemplary fashion.

23. It was agreed that FKE shall receive its fair share of Ten Percent (10%) of gross revenues earned by LED.

24. On or about October 24, 2011, defendants unilaterally terminated the services of KIELB and FKE, in violation of the parties' oral agreement, constituting a material breach of oral contract

25. Thereafter,defendants ceased payment of any and all consideration to KIELB and FKE, in violation of the parties' oral agreement, constituting a material breach of oral contract.

26. Despite repeated demand, defendants refuse to pay, and continue to refuse to pay, KIELB's and FKE's fair share of profits earned by LED from 2011 through the present, in material breach of oral contract; to add insult to injury, LED replaced KIELB and FKE with an individual who had been employed by, and trained by, KIELB and FKE, and who was, in fact, a "de facto" representative of KIELB and FKE.

27. As a direct and proximate result of defendants' breach,

KIELB and FKE have suffered compensatory damages, consequential damages, and incidental damages.

28.   Defendants are liable to plaintiffs KIELB and FKE for their damages sustained as a result of defendants' material breach of oral agreement.

WHEREFORE, on Count Two, plaintiffs KIELB and FKE demand judgment in their favor, and against all defendants, jointly and severally, for a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs, and such other relief as this Court may deem proper.

<u>**COUNT THREE: PROMISSORY ESTOPPEL**</u>

<u>**(PAUL PICCARI ONLY AGAINST ALL DEFENDANTS)**</u>

29. Paragraphs 1 through 28 are incorporated by reference as though fully set forth herein and made a part hereof.

30. Upon the formation of LED during or about 2002, and continuing through 2011, defendants' promised PICCARI that in consideration for his continued services on behalf of LED as aforepleaded, PICCARI would receive his 22.5% fair share of LED's profits, as well as a proprietary interest in LED and its related entities.

31. Plaintiff PICCARI justifiably relied upon said defendants' representation, and continued to perform services on behalf of LED.

32. Defendants breached their promise to plaintiff by forcing PICCARI out of the band LED, and by failing to continue to pay PICCARI his fair share of the band's profits.

33. Defendants are liable to plaintiff PICCARI for 22.5% of LED's gross revenues, constituting PICCARI's fair share of the band's profits, under the theory of promissory estoppel.

WHEREFORE, on Count Three, plaintiff PICCARI demands judgment in his favor and against all defendants, jointly and severally, for the sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs, and such other relief as this Court may deem proper.

## COUNT FOUR: PROMISSORY ESTOPPEL

## (FRANK KIELB and FKE, INC. ONLY AGAINST ALL DEFENDANTS)

34. Paragraphs 1 through 33 are incorporated by reference as though fully set forth herein and made a part hereof.

35. During or about September 2002, and continuing through 2012, defendants' promised FRANK KIELB and FKE, INC. that in consideration for their continued services on behalf of LED as aforepleaded, KIELB and FKE would receive a set fee commission of Ten Percent (10%) on gross revenues, and in addition, a proprietary interest in LED and its related entities.

36. Plaintiffs KIELB and FKE justifiably relied upon said defendants' representation, and continued to perform services on behalf of LED.

37. Defendants breached their promise to plaintiff by terminating FKE and KIELB on or about October 24, 2011, by failing to continue to pay FKE and KIELB its 10% fair share of the LED's revenues.

38. Defendants are liable to plaintiffs KIELB and FKE for

7

their 10% fair share percentage of commissions on LED's revenues, as well as their 10% fair share of the band's profits, under the theory of promissory estoppel.

WHEREFORE, on Count Four, plaintiffs KIELB and FKE demand judgment in their favor, and against all defendants, jointly and severally, for a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs, and such other relief as this Court may deem proper.

### COUNT FIVE: BREACH OF IMPLIED-IN-LAW (QUASI) CONTRACT-

### UNJUST ENRICHMENT

### (PAUL PICCARI AGAINST ALL DEFENDANTS)

39. Paragraphs 1 through 38 are incorporated by reference as though fully set forth herein and made a part hereof.

40. Defendants have been unjustly enriched, to their benefit, by the services performed, as aforepleaded, by plaintiff PICCARI on behalf of LED, to PICCARI's detriment.

41. To wit, all of the income that defendants have been earning through the present, and continuing indefinitely into the future, was predicated upon the hard work performed by PICCARI as aforepleaded.

42. PICCARI's services created the band LED, created goodwill for defendants, and set into motion the blueprint for the great success that defendants are reaping in regard to LED.

43. Defendants are liable unto plaintiff PICCARI under the theory of unjust enrichment, as defendants have been unjustly enriched by the services of PICCARI.

8

44. Plaintiff PICCARI is entitled to a recovery for his "quantum meruit" damages for unjust enrichment.

WHEREFORE, on Count Five, plaintiff PICCARI demands judgment in his favor and against all defendants, jointly and severally, for the sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs, and such other relief as this Court may deem proper.

### COUNT SIX: BREACH OF IMPLIED-IN-LAW (QUASI) CONTRACT-

### UNJUST ENRICHMENT

### (FRANK KIELB AND FKE AGAINST ALL DEFENDANTS)

45. Paragraphs 1 through 44 are incorporated by reference as though fully set forth herein and made a part hereof.

46. Defendants have been unjustly enriched, to their benefit, by the services performed, as aforepleaded, by plaintiffs KIELB and FKE on behalf of LED, to KIELB's and FKE's detriment.

47. To wit, the income that defendants have been earning, from KIELB's and FKE's termination by defendants in 2011, through the present, and continuing indefinitely into the future, was predicated upon the hard work performed by KIELD and FKE as aforepleaded.

48. KIELB's and FKE's services created a good deal of the goodwill for defendants, and set into motion the blueprint for the great success that defendants are reaping in regard to LED; KIELB and FKE also procured third party contracts for LED, which contracts are executory and ongoing; KIELB and FKE also was able to procure various festivals, concert venues for LED's benefit-

9

LED continues to perform live shows at said festivals, concert venues, etc.- procured through KIELB's and FKE's services.

49.  Defendants are liable unto plaintiffs KIELB and FKE under the theory of unjust enrichment, as defendants have been unjustly enriched by the services of KIELB and FKE.

50. Plaintiffs KIELB and FKE are entitled to a recovery for their "quantum meruit" damages for unjust enrichment.

WHEREFORE, on Count Six, plaintiffs KIELB and FKE demand judgment in their favor and against all defendants, jointly and severally,for the sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs, and such other relief as this Court may deem proper.

## COUNT SEVEN: BREACH OF FIDUCIARY DUTY
## (PAUL PICCARI AGAINST ALL DEFENDANTS)

51. Paragraphs 1 through 50 are incorporated by reference as though fully set forth herein and made a part hereof.

52. Defendants sat in a position of trust in relation to plaintiff PICCARI.

53.  Accordingly, defendants and PICCARI were in a fiduciary relationship, PICCARI entrusting defendants with the revenues accruing to LED and related entities.

54.  In 2012, defendants violated their fiduciary duty to PICCARI, by forcing PICCARI from LED, and by failing to continue to pay PICCARI his share of monies in regard to LED.

55.  The conduct of defendants in breach of their fiduciary duty to PICCARI was outrageous, done with willful, intentional

and/or reckless disregard for PICCARI's rights.

56.   Plaintiff PICCARI is entitled to an award for compensatory damages, and punitive damages due to the outrageous conduct of defendants.

WHEREFORE, on Count Seven, plaintiff PICCARI demands judgment in his favor and against all defendants, jointly and severally, for the sum in excess of Fifty Thousand Dollars ($50,000.00) — for compensatory, consequential, incidental, and punitive damages - plus interest, costs, and such other relief as this Court may deem proper.

## COUNT EIGHT: BREACH OF FIDUCIARY DUTY

### (FRANK KIELB and FKE, INC. AGAINST ALL DEFENDANTS)

57. Paragraphs 1 through 56 are incorporated by reference as though fully set forth herein and made a part hereof.

58. Defendants sat in a position of trust in relation to plaintiffs KIELB and FKE.

59.   Accordingly, defendants, and KIELB and FKE, were in a fiduciary relationship, KIELB and FKE entrusting defendants with the revenues accruing to LED and related entities.

60.   In October 24, 2011, defendants violated their fiduciary duty to KIELB and FKE, by unilaterally terminating KIELB and FKE, and by failing to continue to pay KIELB and FKE their set fee commissions, and by failing to continue to pay KIELB and FKE their 10% share of monies in regard to LED.

61.   The conduct of defendants in breach of their fiduciary duty to PICCARI was outrageous, done with willful, intentional

11

and/or reckless disregard for KIELB's and FKE's rights.

62. Plaintiffs KIELB and FKE are entitled to an award for compensatory damages, and punitive damages due to the outrageous conduct of defendants.

WHEREFORE, on Count Eight, plaintiffs KIELB and FKE demand judgment in their favor and against all defendants, jointly and severally, for the sum in excess of Fifty Thousand Dollars ($50,000.00) - for compensatory, consequential, incidental, and punitive damages - plus interest, costs, and such other relief as this Court may deem proper.

## COUNT NINE: BREACH OF IMPLIED-IN-FACT AGREEMENT
### (PAUL PICCARI AGAINST ALL DEFENDANTS)

63. Paragraphs 1 through 62 are incorporated by reference as though fully set forth herein and made a part hereof.

64. By the parties' conduct, consisting of their actions and performance, an implied-in-fact agreement existed as between plaintiff PICCARI and defendants, the salient terms of which provided that in exchange for PICCARI's services as aforepleaded, PICCARI shall receive a fair share of the proprietary interest in LED and related entities, and a fair share of LED's profits.

65. Defendants materially breached this implied-in-fact agreement, causing damages to plaintiff PICCARI as aforepleaded.

66. Defendants are liable to PICCARI for their breach of the implied-in-fact agreement.

WHEREFORE, on Count Nine, plaintiff PICCARI demands judgment in his favor and against all defendants, jointly and severally,

12

for the sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs, and such other relief as this Court may deem proper.

### COUNT TEN: BREACH OF IMPLIED-IN-FACT AGREEMENT

### (FRANK KIELB and FKE AGAINST ALL DEFENDANTS)

67. Paragraphs 1 through 66 are incorporated by reference as though fully set forth herein and made a part hereof.

68. By the parties' conduct, consisting of their actions and performance, an implied-in-fact agreement existed as between plaintiff KIELB and FKE, and defendants, the salient terms of which provided that in exchange for KIELB's and FKE's services as aforepleaded, they shall receive a set fee commission on al revenues, and a proprietary interest in LED and related entities.

69. Defendants materially breached this implied-in-fact agreement, causing damages to plaintiff KIELB and FKE as aforepleaded.

70. Defendants are liable to KIELB and FKE for their breach of the implied-in-fact agreement.

WHEREFORE, on Count Ten, plaintiffs KIELB and FKE demand judgment in their favor and against all defendants, jointly and severally,for the sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs, and such other relief as this Court may deem proper.

### COUNT ELEVEN: VIOLATION OF LANHAM ACT-15 U.S.C. SEC. 1051 ET SEQ.

### (PAUL PICCARI AGAINST ALL DEFENDANTS)

71. Paragraphs 1 through 70 are incorporated by reference as

though fully set forth herein and made a part hereof

72. As aforepleaded, PICCARI is a co-owner of the trademark "Get The Led Out".

73. Defendants, by their conduct as aforepleaded, have violated the Lanham Act.

74. Defendants are liable to plaintiff PICCARI for their violation of the Lanham Act.

WHEREFORE, on Count Eleven, plaintiff PICCARI demands judgment in his favor and against all defendants, jointly and severally, for the sum in excess of Fifty Thousand Dollars ($50,000.00), for compensatory damages, and/or statutory damages, and/or treble damages, and/or punitive damages, plus counsel fees, interest, costs, and such other relief as this Court may deem proper.

## COUNT TWELVE:VIOLATION OF LANHAM ACT-15 U.S.C. SEC.1051 ET SEQ.
### (FRANK KIELB AGAINST ALL DEFENDANTS)

75. Paragraphs 1 through 74 are incorporated by reference as though fully set forth herein and made a part hereof

76. As aforepleaded, by virtue of assignment from PICCARI, plaintiff KIELB is a co-owner of the trademark "Get The Led Out".

77. Defendants, by their conduct as aforepleaded, have violated the Lanham Act.

78. Defendants are liable to plaintiff KIELB for their violation of the Lanham Act.

WHEREFORE, on Count Twelve, plaintiff KIELB demands judgment

14

in his favor and against all defendants, jointly and severally, for the sum in excess of Fifty Thousand Dollars ($50,000.00), for compensatory damages, and/or statutory damages, and/or treble damages, and/or punitive damages, plus counsel fees, interest, costs, and such other relief as this Court may deem proper.

## COUNT THIRTEEN: ACCOUNTING

### (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

79. Paragraphs 1 through 78 are incorporated by reference as though fully set forth herein and made a part hereof.

80. Plaintiffs submit a joint demand for a full and complete accounting by defendants, setting forth an itemization of all gross revenues earned or received by or on behalf of defendants, from January 2011 through the present, and continuing indefinitely into the future.

81. Plaintiffs are entitled to said full and complete accounting.

WHEREFORE, on Count Thirteen, plaintiffs PICCARI, KIELB and FKE demand that this Court Order defendants to produce a full and complete accounting of all gross revenues earned and/or received by defendants, or on behalf of defendants, from January 1, 2011 through the present, and continuing indefinitely into the future, pending further Order of this Court; and an award in favor of said plaintiffs PICCARI, KIELB and FKE for costs and reasonable counsel fees incurred in connection with obtaining this accounting, and such other relief as this Court may deem proper.

## COUNT FOURTEEN: CONSTRUCTIVE TRUST

15

**<u>(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)</u>**

82. Paragraphs 1 through 81 are incorporated by reference as though fully set forth herein and made a part hereof.

83. This Court should employ the equitable remedy of the imposition of a constructive trust, for the benefit of plaintiffs, in regard to all ongoing gross revenues accruing to defendants.

84. Under the law, the imposition of a constructive trust is permissible in circumstances of breach of fiduciary duty, unjust enrichment, or similar situations.

85. Based upon the facts as aforepleaded in the Complaint herein, plaintiffs' claim for the imposition of a constructive trust should be granted.

WHEREFORE, on Count Fourteen, plaintiffs PICCARI, KIELB and FKE demand that this Court Order the imposition of a constructive trust, for the benefit of said plaintiffs and against defendants, jointly and severally, thereby Ordering that all of defendants' gross revenues relating to LED be deposited into said constructive trust account, to be apportioned in a fair manner, pending further Order of this Court.

Respectfully submitted,

/Simon Rosen, Esq./ (#6279)
Counsel for Plaintiffs

LAW OFFICE OF SIMON ROSEN
By: Simon Rosen, Esq.
Attorney ID No. 38603
2019 Walnut St.
Phila PA 19103
Tel. 215-564-0212
SimonOnKey@aol.com

16