IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAUL PICCARI and  
FRANK KIELB and  
FKE, INC.,  

     Plaintiffs,  
 v.  
GTLO PRODUCTIONS, LLC. and  
GTLO, LLC and  
PAUL HAMMOND and  
PAUL FARIELLO,  

     Defendants.

: 
: 
: 
: 
: 
: Civil Action No. 2:14-cv-06701-PBT
: 
: 
: 
: 
: 

### DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION TO DISMISS

**I. INTRODUCTION**

 This action arises out of a falling out between former band members of the rock n' roll tribute band "Get the Led Out." Plaintiff Piccari, a former band member, left the band in previous years while defendants Paul Hammond and Paul Fariello continued to perform with the band. Plaintiffs Kielb and FKE, Inc. allegedly formerly ran the business of the band. Although Plaintiffs have not been active or contributing members of the band for years, they allege, inter alia, that they are entitled to a percentage of the band's profits arising out of Defendants' performances and the use of the "Get The Led Out" registered trademark. Plaintiffs bring claims for breach of oral contract, promissory estoppel, breach of implied-in-law (quasi) contract- unjust enrichment, breach of fiduciary duty, breach of implied in fact agreement, violation of the Lanham Act, Accounting, and Constructive Trust. The Lanham Act claims are the only federal claims asserted and the only basis for subject matter court jurisdiction in this Court.

The Lanham Act claims (Counts Eleven and Twelve) arise out of Defendants' continued use of the "Get the Led Out" registered trademark after Plaintiffs left the band. These federal claims should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) because Defendants own the trademark, and, therefore, cannot infringe on the mark. Although Plaintiffs claim to be co-owners of the trademark by virtue of their previous participation in the "Get The Led Out" band and joint venture, this allegation is contradicted by the public records on file with the United States Patent and Trademark Office ("USPTO"), which demonstrates that Plaintiffs are no longer members of the joint venture and no longer have a right to the mark.

Alternatively, even accepting Plaintiffs' allegations that they are co-owners in the trademark as true for purposes of this motion, the claims still fail as a matter of law because a co-owner of a trademark may not bring a trademark infringement action against another co-owner for use of the trademark. Because Defendants also own the trademark, they cannot infringe upon it. Rather, if Plaintiffs are entitled to any relief arising out of Defendants' use of the trademark (which Defendants dispute), a claim for an accounting of the profits generated by the use of the mark only arises under state contract law. As a result, the Lanham Act claims should be dismissed with prejudice. Because these two counts are the only federal claims asserted, the grounds for supplemental jurisdiction are eliminated, and this action should be dismissed in its entirety.

## II.     RELEVANT FACTUAL BACKGROUND

Plaintiffs allege that in or around 2002, Plaintiff Piccari conceived of the creation of a musical band to perform the songs of the famous rock 'n roll group, "Led Zeppelin," and that

Piccari formed the band named "Get The Led Out". (Exhibit A ¶ 9A).[1] Between 2002 and 2003, the parties allegedly entered into an oral agreement whereby Piccari would receive a 22.5% proprietary interest in Get The Led Out and the gross revenues related thereto. (*Id.* ¶ 9C). The parties also allegedly orally agreed that FKE and Kielb would receive a 10% proprietary interest in "Get The Led Out" and the gross revenues related thereto for running the business of the band. (*Id.* ¶ 19).

Plaintiffs allege that Piccari was a musician, arranger, and performer for the group and provided creative and business advice. (*Id.* ¶ 11). From 2003 through 2011, Kielb and FKE allegedly acted as the band's personal manager, business manager, business advisor. (*Id.* ¶ 22). From 2002 through 2011, Get The Led Out achieved commercial success allegedly due to Kielb and FKE's business leadership. (*Id.* ¶ 20).

Plaintiffs further allege that Plaintiffs Piccari and Kielb are co-owners in the trade name, trade tress, and trademark "Get The Led Out." (*Id.* ¶¶ 10, 21). Plaintiffs allege that Kielb is a co-owner of the trademark "Get The Led Out" by virtue of an assignment by Piccari. (*Id.* ¶ 76). Plaintiffs allege that Defendants Hammond and Fariello forced Piccari out of the band and discontinued payment of his share of revenues. (*Id.* ¶ 13). In October of 2011, Defendants also allegedly terminated the services of Kielb and FKE and ceased payments to them. (*Id.* ¶¶ 24-25).

According to the public records filed with the USPTO, defendant Hammond filed an application to register the trademark "Get the Led Out" on October 6, 2005. Exhibit B. The mark description included entertainment in the nature of visual and audio performances, namely, musical band, and rock group. *Id.* The legal entity information specified that the band was a

---

[1] Plaintiffs allege no facts at all with respect to Defendant GTLO Productions, LLC other than that it is a domestic limited liability company. (Exhibit A ¶ 4). Rather, Plaintiffs group all defendants together in the Complaint. As such, all Defendants will be treated together for purposes of this motion. As is evident from the records of the Pennsylvania Department of State, GTLO, LLC does not exist.

joint venture, composed of Paul Hammond, Ron Kayfield, Adam Faraioli, Paul Fariello, and Paul Piccari. *Id.* Defendant Hammond registered the "Get the Led Out" Trademark on October 10, 2006. Exhibit C.

On September 4, 2012, Paul Fariello filed a Declaration of Correction of Ownership Trademark Registration. Exhibit D. The Declaration stated that at the time the trademark application was filed on October 6, 2005, the musical band and joint venture consisted of Paul Fariello, Paul Hammond, Paul Piccari and Adam Ferraioli. *Id.* at ¶ 3. Over the course of the next few years, the joint venture members determined that Paul Piccari was no longer a productive or reliable member of the band. *Id.* at ¶ 4. Consequently, in or around February 2, 2010, the partners held a band meeting and resolved to oust Piccari from the band and the joint venture. *Id.* The other members of the joint venture informed Piccari that his interest in the joint venture was terminated effective immediately and paid him $3,016.94 in exchange for leaving the joint venture and band and releasing all interest in the joint venture and band and its assets. *Id.* at ¶ 6.

The Declaration further states that since February 22, 2010, the remaining three members of the joint venture (Fariello, Hammond and Ferraioli) continued to perform entertainment services as the musical band Get the Led Out. *Id.* at ¶ 7. Piccari did not. *Id.* at ¶ 7. When Piccari was ousted from the band and joint venture, Piccari's 1/4 interest in the joint venture and all of its assets reverted back to the joint venture and were merged equally with the remaining three interests, increasing the interest of Hammond, Ferraioli and Fariello from 1/4 to 1/3. *Id.* at ¶ 8. The three remaining joint venture members continued to conduct the affairs of the joint venture as such. *Id.* The Declaration states that Piccari had made no claim of interest or

ownership. *Id.* The Declaration of Correction of Ownership was recorded on September 5, 2012. Exhibit E.

III. **ARGUMENT**

    A. **Standard of Review Pursuant to Rule 12(b)(6)**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although this Court is required to accept as true the factual allegations in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Further, the grounds on which the plaintiff makes a claim must be "more than labels and conclusions ; and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 555).

Instead, the complaint must allege sufficient facts to support each and every element of the alleged cause of action. *Id.* at 234 (quoting *Twombly*, 550 U.S. at 550 ("[S]tating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element."). *See Diagnostic Devices, Inc. v. Pharma Supply, Inc.*, No. 08-149, 2009 U.S. Dist. LEXIS 101425, at *30 (W.D.N.C. June 22, 2009) (dismissing defamation claim for failure to adequately plead the elements of the cause of action).

On a motion to dismiss, the court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. *See Pittsburg v. W. Penn Power Co.*, 147 F. 3d 256, 256, 259 (3d Cir. 1998). "Plaintiffs cannot prevent a court from looking at texts of the documents on which its claim is based by

failing to attach or explicitly cite them." *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997). A document integral to or explicitly relied upon in the complaint' may be considered without converting the motion to dismiss into one for summary judgment. *Id.*

For the reasons set forth below, Counts Eleven and Twelve of the Complaint fail to state a claim upon which relief can be granted and should be dismissed.

### B. Plaintiffs' Lanham Act Claims Fail Because the Public Records Filed with the USPTO Demonstrate that Plaintiffs Do Not Own the "Get the Led Out" Trademark.

Plaintiffs lack standing to assert Lanham Act claims arising out of Defendants' use of the trademark because the public record on file with the USPTO demonstrates that Plaintiffs are no longer owners of the "Get The Led Out" trademark. USPTO records show that Plaintiff Piccari is not a current owner of the "Get The Led Out" trademark, and that he is not using the mark. Rather, he is a former member of the joint venture who was removed. Further, because Piccari was no longer a part of the joint venture as of February 2010, his purported nunc pro tunc assignment to Kielb signed on July 3, 2012 and recorded on July 1, 2014 is null and void. Exhibit E. No basis for FKE's alleged ownership of the mark exists.

The Declaration of Correction of Ownership Trademark Registration on file with the USPTO shows that Plaintiff Piccari's interest in the joint venture was terminated in February 2010. Exhibit D. Plaintiff Piccari was compensated $3,016.94 in exchange for leaving the band and joint venture and releasing all interest in its assets. *Id.* at ¶ 6. Since February 22, 2010, the remaining three joint venture members (Fariello, Hammond and Ferraioli) have continued to perform entertainment services as the band Get the Led Out. Piccari has not. *Id.* at ¶ 7. When Piccari was removed from the musical band and joint venture, Piccari's 1/4 interest in the joint venture and all its assets reverted back to the joint venture and were merged equally with the

remaining three interests, increasing the interest of Hammond, Ferraioli and Fariello from 1/4 to 1/3. *Id.* at ¶ 8. The three remaining joint venture partners continued to conduct the affairs of the joint venture as such. *Id.*

Because Plaintiffs are not members of the band and joint venture, and are no longer co-owners of the trademark, or never were in the case of Kielb and FKE, they do not have standing to assert Lanham Act claims against the Defendants. As a result, the Lanham Act claims in Counts Eleven and Twelve should be dismissed with prejudice, and the remaining state law claims should be dismissed for lack of supplemental jurisdiction. *See Majek Fire Protection, Inc. v. Carusone Construction, Inc.*, 2006 U.S. Dist. LEXIS 39310 at * 3 (E.D. Pa. 2006) (holding that a federal court has no power to remand or transfer a case to state court when the action was initiated in federal court rather than removed to federal court).

### C. Alternatively, Plaintiffs' Lanham Act Claims Fail Because Plaintiffs Cannot Bring an Action Against Co-Owners of the Trademark.

The Complaint fails to allege the grounds on which Defendants have violated the Lanham Act, only that, because Plaintiffs are co-owners of the trademark "Get The Led Out," Defendants have violated the Lanham Act. (Exhibit A ¶¶ 72, 73, 76, 77). Although the Complaint fails to allege the required elements for trademark infringement, it is apparent that Plaintiffs allege trademark infringement. However, an infringement action between co-owners of a trademark is not permitted. *See Derminer v. Kramer*, 406 F. Supp. 2d 756, 758 (2005). A claim for trademark infringement or trademark dilution by a co-owner against another co-owner is best understood as an action for an accounting that arises under state contract law, not under the Lanham Act. *Id.* In short, because Defendants own the trademark, they cannot infringe it. *Id.* at 759. ("...it follows logically from the general understanding of trademark infringement. An owner does not infringe upon his co-owner's rights in a trademark by exercising his own right of

use...These legal claims are properly understood as an action for accounting under state law.") If Plaintiffs seek relief from their alleged co-owners for the profits in using the mark, they must do so in a state law claim for an accounting.

In *Derminer*, the plaintiff alleged that the defendants and co-owners of a trademark repeatedly infringed upon his trademark or failed to account to him for the revenues associated with the trademark. *Id.* at 757. The court found that the Lanham Act made clear that Congress never intended to create a trademark dilution cause of action between trademark owners. *Id.* at 758. The court held that under the plain meaning of the Lanham Act, an action between co-owners for trademark dilution of that mark under *15 U.S.C. § 1125(c)* is not permitted. *Id.* The court stated, "Like an action for trademark infringement by a co-owner, the claim is best understood as an action for an accounting that arises under state contract law, not under the Lanham Act." *Id.* As a result, the court held that it lacked jurisdiction to hear the Lanham Act claims. *Id.*

Although Defendants dispute that Plaintiffs own the trademark at issue, even accepting the allegations in the Complaint as true for purposes of this motion, it is clear that Plaintiffs' Lanham Act claims against their co-owners for infringement, dilution or otherwise are best understood as an action for an accounting between co-owners arising under state contract law. *See Derminer* at 758. (Plaintiffs have alleged this state law claim in Count Thirteen of their Complaint). A trademark infringement case cannot lie because all ownership rights in the trademark are held by each of the parties to the joint venture, and each have a right to use the mark. *Id.* at 759. Because Defendants are owners of the trademark, they cannot infringe upon the mark. *See Id.*

Therefore, Plaintiffs' federal Lanham Act claims fail and should be dismissed with prejudice as leave to amend would be futile. Further, the action should be dismissed in its entirety because, upon dismissal of the federal Lanham Act claims, this court lacks supplemental jurisdiction over the remaining state law claims.

**D.      Plaintiffs Have Failed to Plead the Required Elements of a Lanham Act Violation.**

Plaintiffs' Lanham Act claims should also be dismissed because the Complaint fails to allege any of the elements of a Lanham Act violation for purported trademark infringement. Further, because the Complaint is devoid of any allegations against GTLO Productions, LLC, this alone supports dismissal of the claims against this defendant.

Although Plaintiffs' allegations are scant with respect to the Lanham Act, Plaintiffs apparently allege trademark infringement. To prevail on a trademark infringement claim, a plaintiff must show: (1) the name is valid and legally protectable; (2) the plaintiff has a right to the mark; and (3) defendant's use of the name to identify goods and services is likely to create confusion concerning the origin of the goods or services. *Fisons Horticulture, Inc. v. Vigoro Industries, Inc.*, 30 F.3d 466, 472 (3d Cir. 1994); *see also A&H Sportswear, Inc. v. Victoria Secrets Stores, Inc.*, 237 F. 3d 198, 210 (3d Cir. 2000) ("Federal trademark infringement, 15 U.S.C. § 1114, and federal unfair competition, 15 U.S.C. § 1125(a)(1)(A), are measured by identical standards"). "A likelihood of confusion exists when 'consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." *A&H Sportswear, Inc.*, 237 F. 3d at 210 *quoting Dranoff-Perlstein Assocs. v. Sklar*, 967 F.2d 852, 862 (3d Cir. 1992).

The Complaint fails to allege the second and third required elements of a trademark infringement claim. The Complaint fails to allege that Plaintiffs have a right to use the mark, as

discussed above with respect to the USPTO records. Further, the Complaint is devoid of any allegations that Defendants' alleged use of the mark causes a likelihood of confusion among consumers. In fact, according to the allegations in the Complaint and the USPTO records, confusion is not likely, and not even possible, because Plaintiffs are no longer using the mark. Rather, it is clear from the Complaint and the USPTO records that Moving Defendants are owners of the trademark and are therefore entitled to use the mark.

Therefore, because Plaintiffs have failed to plausibly allege that they have a right to the mark, and have failed to allege and cannot allege any likelihood of confusion as a result of Defendants' lawful use of the trademark, Plaintiffs have failed to plead the necessary elements of a Lanham Act violation. Plaintiff's Lanham Act claims should be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant the Motion to Dismiss Counts Eleven and Twelve of the Complaint with prejudice, and that the remaining state law claims be dismissed with prejudice as well.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: ____/s/   David J. Shannon_____
David J. Shannon, Esquire
*Attorneys for Defendants*

Date: March 2, 2015

## CERTIFICATE OF SERVICE

I hereby certify that, on March 2, 2015, I electronically transmitted the foregoing document to the Clerk's Office using CM/ECF System for filing and distribution to the following registered participants of the CM/ECF System, who will also be served copies of the attached document by U.S. first class mail or electronic mail:

> Simon Rosen, Esq.
> THE LAW OFFICE OF SIMON ROSEN
> 2019 Walnut St.
> Philadelphia, PA 19103
> *Attorneys for Plaintiffs*

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: _____/s/ David J. Shannon_____
David J. Shannon, Esquire
*Attorneys for Defendants*

01/11547342.v1