IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
_____
PAUL PICCARI   and
FRANK KIELB    and                      :
FKE, INC.
                                  NO.  14-cv-6701
    vs.
                                        :
GTLO PRODUCTIONS, LLC and
GTLO, LLC   and
PAUL HAMMOND and
PAUL FARIELLO                           :

_____
```

**O R D E R**

    AND NOW, to wit, as of this \_\_\_\_ day of _____, 2015, upon due consideration, it is hereby ORDERED and DECREED that defendants' Motion to Dismiss is DENIED.  It is further ORDERED that defendants' are afforded Twenty-One (21) Days from the date of this Order to file and serve their Answer to Complaint.

    IT IS FURTHER ORDERED and DECREED that defendants GTLO PRODUCTIONS LLC, GTLO LLC, PAUL HAMMOND and PAUL FARIELLO, shall pay plaintiffs the total aggregate sum of One Thousand Four Hundred Dollars ($1,400) counsel fees for the defense of said Motion, payable within Ten (10) days from the date of this Order.

                                      BY THE COURT:

                                      _____

                                                  U.S.D.J.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
PAUL PICCARI   and
FRANK KIELB    and                      :
FKE, INC.
                                              NO.   14-cv-6701
    vs.
                                        :
GTLO PRODUCTIONS, LLC and
GTLO, LLC   and
PAUL HAMMOND and
PAUL FARIELLO                           :
```

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

    COME NOW your plaintiffs, PAUL PICCARI, FRANK KIELB, and FKE, INC., who through their counsel, SIMON ROSEN, ESQ., respectfully reply as follows:

    The allegations and legal conclusions set forth in defendants' Rule 12(b)(6) Motion to Dismiss are categorically denied by plaintiffs.  Plaintiffs respectfully submit the attached Memorandum of Law, Declaration of Paul Piccari, and additional Exhibits in support of their position, which Memorandum, Declaration of PICCARI, and additional Exhibits are incorporated by reference as though fully set forth herein.

    WHEREFORE, for the reasons set forth, plaintiffs respectfully request that defendants' Rule 12(b)(6) Motion to Dismiss should be denied.  Plaintiffs respectfully seek reasonable counsel fees incurred in connection with the defense of the within Motion, for reasons set forth hereinafter.

Dated: April 16, 2015        Respectfully submitted,

                                      Simon Rosen, Esq. (#6279)

                                      Counsel for Plaintiffs/Respondents

```
                IN THE UNITED STATES DISTRICT COURT

             FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

_____
PAUL PICCARI   and
FRANK KIELB    and                      :
FKE, INC.
                                            NO.   14-cv-6701
    vs.
                                        :
GTLO PRODUCTIONS, LLC and
GTLO, LLC   and
PAUL HAMMOND and
PAUL FARIELLO                           :

_____

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS**
**PURSUANT TO RULE 12(b)(6)**

COME NOW your plaintiffs, PAUL PICCARI, FRANK KIELB, and FKE, INC., who through their counsel, SIMON ROSEN, ESQ., respectfully argue as follows:

**I. INTRODUCTION**

Plaintiff PAUL PICCARI ("PICCARI") is a musician. Contrary to being a "starving artist", PICCARI and defendants PAUL HAMMOND ("HAMMOND") and PAUL FARIELLO ("FARIELLO") struck pay-dirt when PICCARI conceived and founded the musical group GET THE LED OUT ("GTLO"). HAMMOND and FARIELLO rode PICCARI's coattails to fame and fortune - GTLO morphed into a highly successful, profitable musical group that exclusively performs the music of the famous rock n roll band "*Led Zepellin*". GTLO was founded by PICCARI, and snowballed into a financial juggernaut through PICCARI's efforts (along with HAMMOND and FARIELLO), with substantial guidance, counsel, brains and brawn, experience, and

3

extensive contacts of co-plaintiff FRANK KIELB ("KIELB") and KIELB's company, co-plaintiff FKE, INC. ("FKE"). The two corporate defendants are solely owned by defendants HAMMOND and FARIELLO, to handle the business of GTLO.

Plaintiffs were compelled to file this instant action for breach of contract related claims, breach of fiduciary duty claims, and violation of the Lanham Act- i.e., federal trademark related claims. Defendants filed a Rule 12(b)(6) motion to dismiss, attacking the federal trademark claims (Counts Ten and Eleven of the Complaint). It is accepted that if the federal claims are dismissed, that this Court shall no longer possess jurisdiction over this action, because it is only the federal trademark claims which provides this Court with subject matter jurisdiction. If the federal claims are dismissed, the state claims can not be pursued in federal court.

Accordingly, the only issue before this tribunal, at this early juncture, is whether as a matter of law, plaintiffs have any justiciable claims against defendants under the Lanham Act.

Defendants' lone evidence in support of their motion is a self-serving Declaration containing hearsay, and paperwork filed with the Trademark Office alleging that somehow plaintiff PICCARI abandoned his proprietary co-ownership interest in the GTLO trademark (Exhibit D to defendants' Motion).

Plaintiffs/respondents submit that Exhibit D to their motion package clearly does NOT establish the relinquishment of defendant PICCARI's right to the mark. The Exhibit D "Combined

Declaration of Use" merely acts to perfect the original copyright registration, thereby continuing the validity of the trademark.

Further, PICCARI denounces the allegations set forth in Declaration of FARRIELO annexed to defendants' Exhibit D.  See PICCARI Declaration, attached hereto as Exhibit A. PICCARI's Declaration, in opposition to FARRIELO's Declaration, succinctly rebuts and refutes the  allegations by FARIELLO.

In sum, plaintiffs aver that they clearly possess justiciable claims against defendants under federal trademark law, warranting that the case stays put in the Eastern District.

In epilogue, respondents seek imposition of reasonable counsel fees because of its frivolous position in regard to the effect of the Combined Declaration of Use and the self-serving Declaration.  The Combined Declaration of Use merely perfects the pre-existing GTLO trademark, to which PICCARI is a co-owner. It does not, in any manner, shape or form, act to terminate PICCARI's co-ownership interest.  The self-serving Declaration of FARIELLO is of no legal significance whatsoever.

Accordingly, the Rule 12(b)(6) motion to dismiss should be denied, and reasonable counsel fees awarded to respondents for the defense of this motion.

**II. ARGUMENT**

    **A. MOVANTS HAVE MISLED THIS TRIBUNAL IN REGARD TO THE LEGAL EFFECT OF THE TRADEMARK RECORDS AND FARIELLO'S DECLARATION.**

At Page 6 of movants' brief, it is argued that plaintiff/respondent PICCARI has no co-ownership interest in the original

"GET THE LED OUT" trademark because of subsequent documents filed by movants; further, that KIELB's ownership interest (by virtue of an assignment from PICCARI) is void because PICCARI's ownership interest was terminated.  This argument is clearly fatally flawed.

   A mere cursory review of the current records of the United States Patent & Tradmark Office (USPTO) reveal that PICCARI still remains as a joint co-owner of the GTLO trademark, along with defendants HAMMOND and FARIELLO. See, "GET THE LED OUT" trademark registration, No. 4065612, dated October 10, 2006, attached hereto as Exhibit B and incorporated by reference. [This was obtained online on April 16, 2015.]  PICCARI's name is clearly denoted as a co-owner of the mark.  Plaintiff KIELB is also a joint co-owner of the mark, by virtue of an assignment by PICCARI of a portion of PICCARI's interest, which assignment is also denoted on the trademark registration. KIELB's interest is confirmed by the notation, "ASSIGNMENT RECORDED" on Exhibit B.

   The "Combined Declaration of Use and Incontestability under Section 8 & 15" (movants' Exhibit D to their motion) did NOT act to terminate co-owner PICCARI's rights.  It merely kept the trademark alive.  In fact, upon acceptance of that document by the Trademark Office, the Office issued a combined Notice of Acceptance and Notice of Acknowledgment.  This Notice of Acceptance and Notice of Acknowledgment merely confirmed that,

   a) The Trademark Office accepted the trademark owners' statement that the trademark was in use; and,

6

b) The Trademark Office acknowledged that the period for a third party to contest the validity of the trademark had expired, and that the trademark would remain alive for an additional Ten (10) Year period.

A copy of the Notice of Acceptance and Notice of Acknowledgment downloaded directly from the Trademark & Patent Office website on April 16, 2015 is attached hereto as Exhibit C and incorporated by reference as though fully set forth herein.

It is unequivocal that movants' filing of the Declaration of Use with the Trademark Office did NOT act to remove PICCARI as co-owner of the mark.  It merely effectuated the issuance of the Notice of Acceptance/Notice of Acknowledgment.  Movants' argument is totally devoid of merit.

In this same vein, movants argument that somehow the unilaterally signed "Declaration" which movants attached to their Declaration of Use acts to strip PICCARI of his rightful joint ownership of the mark.  This argument is totally meritless. PICCARI never accepted "severance", which somehow acted to transfer his interest back to movants.  This argument is nonsensical. Under the law, if PICCARI transferred his interest back to HAMMOND and FARIELLO, federal statute requires this transfer to be set forth in a separate writing. 15 U.S.C. 1060, <u>Lanham Act</u>.  In fact, in order to effectuate a valid transfer of trademark (in whole or part), the Trademark Office provides for a written "Cover Sheet" which must be filed and recorded along with such written assignment/transfer of trademark.  See "Cover Sheet"

attached as Exhibit __ [UNMARKED].

Accordingly, movants' argument that PICCARI relinquished his right by an alleged (and disputed) oral agreement, wherein he accepted severance in consideration of his transfer back to movants of his trademark interest, is vacuous, and should be disregarded by this Court.

**B. PLAINTIFFS POSSESS STANDING TO SUE DEFENDANTS IN FEDERAL COURT FOR TRADEMARK INFRINGEMENT.**

The gravamen of defendants' next argument is that one trademark co-owner can not bring a federal claim against another co-owner of the same mark- such claim should be brought in state court. Defendants rely upon Derminer vs. Kramer, 406 F.Supp. 756, 758 (U.S.D.C.E.D.MICH. 2005), cited on page 7 of defendants' brief.  However, the Derminer case is inapplicable because it involved "trademark dilution".  The case at bar is not a trademark dilution case, and federal jurisdiction lies with this tribunal.  The two cases are clearly distinguishable.

The facts of Derminer involve co-owners of the same mark each earning money from their respective independent commercial exploitation of the mark.  One co-owner took umbrage that the other co-owner was reaping revenues from certain sources/third party agreement without paying the other co-owner its fair share. An action for trademark dilution was initiated, and the Court held that the claim was, for all intents and purposes, an accounting claim- the co-owner merely needed to turn over a certain portion of the revenues to the other co-owner.

The Court, in <u>Derminer</u>, held that,

"… the claim is best understood as an action for an accounting".   <u>Id.</u> at 758.

In the instant case, defendants precluded plaintiffs from utilizing the mark. Defendants booted PICCARI out of the band and prevented him from performing with the band, and prevented KIELB and FKE from performing services in furtherance of the "GET THE LED OUT" trade name.

Case law is replete with Lanham Act cases – federal subject matter jurisdiction accepted- involving one trademark co-owner pitted against another.  See, e.g., <u>Durango Herald, Inc. v. Riddle</u>, 719 F.Supp. 941 (USDC Colo. 1988).   So long as the trademark action is not an "accounting action" in disguise, such as in <u>Derminer</u>, the case can proceed in federal court under the Lanham Act.

In addition to the parties being co-owners of the originally registered GTLO trademark, we also have plaintiffs trademark owner pitted against defendants cloaked in a dual capacity- i.e., owners of a separate "GET THE LED OUT" trademark.  See "GET THE LED OUT" trademark registration owned by FARIELLO and HAMMOND, registered December 6, 2011, Registration No. 4065612. Exhibit D, attached hereto and incorporated by reference.   Defendants saw fit to file a separate, distinct trademark registration for GTLO, thereby improperly excluding plaintiffs from their co-ownership interests in that trademark registration.  Accordingly, plaintiffs are also entitled to proceed with their trademark

9

infringement claims against defendants in defendants/movants capacity as owners of the subsequently registered trademark "GET THE LED OUT" which excludes plaintiffs.  Certainly, it is uncontroverted that plaintiffs are not co-owners of the "GET THE LED OUT" trademark for Registration No. 4065612.

Therefore, regardless of the fact that the parties are co-owners of the first registered trademark for "GET THE LED OUT", the parties are NOT co-owners of the second registered trademark.  This clearly imbues this Court with subject matter jurisdiction for this tribunal to adjudicate the within trademark infringement claims pursuant to the Lanham Act.

As this Court is aware, under the law, in determining Rule 12(b)(6) motions, all reasonable inferences should be drawn in favor of the respondent.  See, e.g., <u>Bell Atl. Corp. vs. Twombly</u>, 550 U.S. 544, 570 (2007).  Plaintiffs merely need to state a claim that is merely "plausible on its face" to overcome the Rule 12(b)(6) motion.

In light of the aforestated, the Rule 12(b)(6) motion to dismiss should fail.

**C. REASONABLE COUNSEL FEES SHOULD BE AWARDED TO PLAINTIFFS IN CONNECTION WITH THE DEFENSE OF THIS MOTION.**

It is plaintiffs' position that it is within this Court's discretion, under these circumstances, to award plaintiffs reasonable counsel fees.  There were two separate arguments put forth by movants which were totally meritless.

First, under no stretch did the Combined Statement of Use act to terminate PICCARI's ownership interest in the GTLO trademark. It did not. Upon information and belief, this was a mischaracterization of the law.

Second, under no stretch did the unilateral, self-serving Declaration of FARIELLO act to extinguish PICCARI's ownership interest in the GTLO trademark. It did not.

Plaintiffs humbly submit that if this Court accepts plaintiff's position in this regard, then plaintiffs should receive counsel fees totaling One Thousand Four Hundred Dollars ($1,400). This is computed at counsel Simon Rosen, Esq.'s hourly billing in litigation matters of $350 per hour @ Four (4) Hours. Attorney Rosen has Thirty Two (32) Years litigation experience and has experience in intellectual property litigation.

## III. CONCLUSION

For the reasons set forth hereinabove, movants' Rule 12(b)(6) motion to dismiss should be DENIED. Reasonable counsel fees of $1,400 should be awarded to plaintiffs for the defense of this motion.

                                        Respectfully submitted,

Dated: April 16, 2015        /Simon Rosen, Esq./
                                      Counsel for Plaintiffs/Respondents

**CERTIFICATE OF SERVICE**

    I Simon Rosen, Esq., hereby certify that on this 16th day of April, 2015, a true and correct copy of the foregoing Response to Motion to Dismiss and accompanying documents were duly served upon all interested parties by ECF filing.


Dated: April 16, 2015                    /Simon Rosen, Esq./